IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| FATBOY TRIPODS, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>GUANGDONG LAITU IMAGING TECHNOLOGY CO., LTD d/b/a LEOFOTO, and<br>SUPER PHOTO GEAR, LLC d/b/a LEOFOTO USA and LEOFOTO OUTDOORS,<br>        Defendants. | Civil Action No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

TO THE HONORABLE JUDGE OF SAID COURT:

    Plaintiff FatBoy Tripods, LLC, ("FatBoy Tripods"), files this Complaint for Patent Infringement and Damages against Guangdong Laitu Imaging Technology Co., Ltd. d/b/a Leofoto ("Leofoto") and Super Photo Gear, LLC d/b/a Leofoto USA ("Leofoto USA") and/or Leofoto Outdoors ("Leofoto Outdoors") (collectively, "Defendants"), and would respectfully show the Court as follows:

**NATURE OF THE ACTION**

    1.    This is a patent-infringement action brought by FatBoy Tripods against Leofoto and Leofoto USA for the infringement of U.S. Pat. No. 12,297,953 (the "'953 Patent"). A copy of the '953 Patent is attached hereto as Exhibit A.

    2.    The '953 Patent involved in this case is directed to adjustable clamping devices for use with a tripod to improve the performance of hunting and recreational equipment, as well as a user's experience with the same.

    3.    Defendants are closely related companies that operate as a single business entity

1

controlled by Lefoto, selling adjustable clamping devices, including those for use with a tripod in hunting and recreational activities. The accused products are marked, marketed, and provided under the Leofoto brand, as detailed further herein.

4. Defendants, or their predecessor companies, direct and control these products that utilize and depend upon unauthorized use of FatBoy Tripods' patented technology. Defendants have misappropriated FatBoy Tripods' patented technology without FatBoy Tripods' permission and without compensating FatBoy Tripods for the use of FatBoy Tripods' technology.

5. This lawsuit seeks to hold the Defendants accountable for their unauthorized use and misappropriation of FatBoy Tripods' technology – and to prevent them from continuing to use and misappropriate FatBoy Tripods' technology – without FatBoy Tripods' permission and without compensating FatBoy Tripods.

## THE PARTIES

6. Plaintiff FatBoy Tripods is a Nebraska limited liability company with its principal place of business located in Omaha, Nebraska.

7. On information and belief, Defendant Leofoto is a Chinese limited liability company with its principal place of business at No. 6 Weiyue Rd, Pingdong Industrial Zone, Sangxiang Town, Zhongshan City, Guangdong Province. On information and belief, Leofoto is responsible for the development of Leofoto branded products sold in the United States. Although Leofoto is engaged in business in the State of Texas, it has not designated an agent for service of process in the State. The Secretary of State, therefore, is an agent for service of process for Leofoto pursuant to Tex. Civ. Prac. & Rem. Code § 17.044(b).

8. On information and belief, Defendant Super Photo Gear, LLC d/b/a Leofoto USA and/or Leofoto Outdoors is a Louisiana limited liability company with its principal place of

business at 201 James Dr E, St. Rose, LA 70087.  On information and belief, Super Photo Gear, LLC d/b/a Leofoto USA and/or Leofoto Outdoors sells Leofoto branded products in the United States.  Although Leofoto USA is engaged in business in the State of Texas, it has not designated an agent for service of process in the State.  The Secretary of State, therefore, is an agent for service of process for Leofoto USA pursuant to TEX. CIV. PRAC. & REM. CODE § 17.044(b).

9. Defendants transact business within the State of Texas and in this judicial district, and have committed acts of patent infringement as hereinafter set forth within the State of Texas and this judicial district.  Such business includes, without limitation, Defendants' operation of the Internet websites, https://leofotousa.com/ and/or https://leofotooutdoors.com/, which are available to and accessed by users, customers, and potential customers of the Defendants within this judicial district, and the sale of Defendants' adjustable clamping devices and related products within this judicial district.

## JURISDICTION AND VENUE

10. This is a civil action for patent infringement arising under the acts of Congress, namely the Patent Laws of the United States as set forth in 35 U.S.C. §§ 271, *et seq*.

11. This Court has federal subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12. This Court has personal jurisdiction over Defendants pursuant to TEX. CIV. PRAC. & REM. CODE § 17.041 *et seq*.  Personal jurisdiction generally exists over Defendants because Defendants have minimum contacts with this forum as a result of business regularly conducted within the State of Texas and within this district, and, on information and belief, specifically as a result of, at least, committing the tort of patent infringement within Texas and this district.

13. Personal jurisdiction also exists because, on information and belief, Defendants have operated the Internet websites, https://leofotousa.com/ and/or https://leofotooutdoors.com/, as well as multiple internet-based store fronts with major retailers such as Amazon, https://www.amazon.com/stores/Leofoto/page/5A4AA725-317F-49C5-9085-1D057460D9AD, and Walmart, https://www.walmart.com/global/seller/101188890, which are available to and accessed by users, customers, and potential customers of the Defendants within this judicial district, sold Defendants' adjustable clamping devices and related products within this judicial district, transacted business within the State of Texas, actively infringed and/or induced infringement in Texas, and/or established regular and systematic business contacts within the State of Texas and continue to conduct such business in Texas through the sale of Defendants' adjustable clamping devices and related products.

14. As another example, in renewing the U.S. Federal Trademark Registration for the "Leofoto" name (U.S. Reg. No. 5658970, owned by Leofoto), in order to maintain the registration, Leofoto represented to the United State Patent and Trademark Office that it actively sells and distributes its Leofoto branded products in the State of Texas:



*See* Exhibit B.

15. Accordingly, this Court's jurisdiction over the Defendants comports with the constitutional standards of fair play and substantial justice and arises directly from the Defendants' purposeful minimum contact with the State of Texas.

16. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b) based on the information and belief that the Defendants have committed or induced acts of infringement, and/or advertise, market, sell, and/or offer to sell products, including infringing products, by maintaining a regular and established business presence in this judicial district.

17. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(c), as Leofoto is not a resident of the United States.

## THE PATENT-IN-SUIT

18. On May 13, 2025, the '953 Patent, entitled "Adjustable Clamping Device and Leveling Base with Multidirectional Adjustment," was duly and legally issued by the United States Patent and Trademark Office. A copy of the '953 Patent is attached hereto as Exhibit A.

19. Plaintiff FatBoy Tripods is the owner of the entire right, title, and interest in and to the '953 Patent. The '953 Patent was assigned by inventors Casey Cornwell and Jeffery Connor Sharp to FATBOY TRIPODS, LLC (an Iowa limited liability company, referred to herein as "FBT") on August 14, 2023 and this assignment was recorded on May 16, 2024, at the United States Patent and Trademark Office. FBT assigned the '953 Patent to Plaintiff FatBoy Tripods on December 22, 2025, and this assignment was recorded on December 23, 2025, at the United States Patent and Trademark Office.

## FACTUAL BACKGROUND

20. Plaintiff FatBoy Tripods owns patents relating to systems and devices for adjustable clamping devices with multidirectional movement for use with a tripod that improves a user's experience with photographic equipment and/or firearms.

21. Plaintiff FatBoy Tripods protects its proprietary rights in such technologies through the use of patents, including the '953 Patent.

22. Defendants also develop, manufacture, market, and distribute adjustable clamping devices for use with a tripod and related products, both in the United States and internationally.

23. Many of the Defendants' adjustable clamping devices and related products utilize multidirectional movement and quick release mounting devices, which are similarly marketed, sold, and distributed to improve a user's experience for using photographic equipment and/or firearms in connection with Defendants' products.

24. Defendants are direct competitors with Plaintiff FatBoy Tripods and make, use, sell, and offer to sell adjustable clamping devices for use with a tripod and related products, such as those further detailed below, that directly compete with Plaintiff FatBoy Tripods' own product offerings.

25. Defendants have incorporated innovative features of the '953 Patent into their adjustable clamping devices and related products, as explained below.

## COUNT I
## PATENT INFRINGEMENT OF THE '953 PATENT

26. Plaintiff FatBoy Tripods repeats and realleges the above paragraphs, which are incorporated by reference as if fully restated herein.

27. Plaintiff FatBoy Tripods is the owner of all rights, title, and interest in the '953 Patent.

28. Plaintiff FatBoy Tripods has never licensed any of the Defendants under the '953 Patent, nor has Plaintiff FatBoy Tripods otherwise authorized any of the Defendants to manufacture, market, sell, distribute, or practice any part of the '953 Patent.

29. On information and belief, Defendants manufacture, market, sell, and distribute "Leofoto" branded products, both in the United States and abroad, by offering these products for sale directly to potential buyers online. *See* Exhibits C, D, and E.

30. On information and belief, Defendants manufacture, market, sell, and distribute "Leofoto" branded products from and through other retailers, such as Amazon[1] and Walmart[2], as well as Leofoto Authorized Dealers. *See* Exhibits F, G, H.

31. On information and belief, Defendants have directly infringed and continue to directly infringe, either literally or under the doctrine of equivalents, one or more claims of the '953 Patent, including for example (but not limited to) at least claims 1-3 and 9-14 of the '953 Patent by making, using, selling, offering to sell, or importing, without license or authority, Defendants' suite of adjustable clamping devices and related products, including, but not limited to, at least Leofoto products that correspond to Leofoto branded model lines "Leofoto MG-40X"[3] and "MA-40X"[4] (the "Accused Products"), as well as those marketed, sold, and distributed by third parties, without Plaintiff FatBoy Tripods' authorization, in violation of 35 U.S.C. § 271(a). *See* Exhibits I, J, K, and L.

---

[1] *See, e.g.,* https://www.amazon.com/stores/Leofoto/page/5A4AA725-317F-49C5-9085-1D057460D9AD,
[2] *See, e.g.,* https://www.walmart.com/global/seller/101188890
[3] *See, e.g.,* https://leofotousa.com/products/leofoto-mg-40x-lever-release-arca-clamp-rifle-40mm-ball-head and https://leofotooutdoors.com/collections/ma-series-x-version/products/leofoto-mg-40x-lever-release-arca-clamp-rifle-40mm-ball-head
[4] *See, e.g.,* https://leofotousa.com/products/leofoto-ma-40x-rifle-40mm-lever-control-rapid-lock-ball-head and https://leofotooutdoors.com/collections/ma-series-x-version/products/leofoto-ma-40x-rifle-40mm-lever-control-rapid-lock-ball-head

32.     For example, Defendants make, use, sell, offer for sale, and/or import into the United States the Accused Products, which practice and infringe, at least, claim 1 of the '953 Patent, as shown below:

| **Claim 1 of the '953 Patent** | **Leofoto's MG-40X Product[5]** |
|---|---|
| An adjustable clamping device, comprising: a base; | The MG-40X is an adjustable clamping device that comprises a base (which is indicated by the white arrow). |

---

[5] Leofoto's MG-40X product is charted as representative of all Accused Products, including the MA-40X.

| | |
|---|---|
| a ball coupled to and extending vertically from the base; | <br>The MG-40X has a ball (shown by the white arrow) which extends vertically from the base (shown by the blue arrow). |
| a housing including a cavity configured to receive the ball, wherein the ball is maintained within the cavity to thereby enable a rotation of the housing with respect to the ball; | <br>The MG-40X includes a housing with a cavity that is configured to receive the ball (shown by the white arrow). The ball of the MG-40X is also maintained with the cavity to allow for the housing to rotate with respect to the ball, including 360 degrees around the circumference of the ball, as well as from an upright position to a 90-degree angled position, as shown above. |

| | |
|---|---|
| a locking member configured to selectively inhibit the rotation of the housing with respect to the ball; | <br>The MG-40X also includes a locking member (shown by the white arrow) configured to selectively inhibit the rotation of the housing with respect to the ball (e.g., by tightening the illustrated knob). |
| a mounting structure positioned on a top surface of the housing, the mounting structure comprising:<br>a first wall; and | <br>The MG-40X also comprises a mounting structure positioned on a top surface of the housing and the mounting structure comprises a first wall (shown by the white arrow). |

10

| | |
|---|---|
| a second wall moveable with respect to the first wall; | <br>The mounting structure of the MG-40X also comprises a second wall (shown by the white arrow) movable with respect to the first wall. |
| a channel positioned between the first wall and the second wall; | <br>The mounting structure of the MG-40X also comprises a channel positioned between the first and second walls (shown by the white arrow). |

| | |
|---|---|
| an elongated rod having a first end and a second end opposite the first end; and | <br>The mounting structure of the MG-40X also comprises a rod (shown by the white arrow) with a first end and a second end opposite the first end. |
| a lever coupled to the second end of the elongated rod, wherein the lever includes a cam portion that rotates about a pivot axis to contact the second wall as the lever is moved between an unlocked position and a locked position, and wherein a distance between the first wall and the second wall is greater in the unlocked position than in the locked position. | <br>The mounting structure of the MG-40X also comprises a lever (shown by the white arrow) and a cam portion (shown by the blue arrow). In use, the cam portion rotates about a pivot axis to contact |

|  | the second wall as the lever is moved between an unlocked position and a locked position. In operation, the second wall towards the first wall when the lever is in locked position and away from the first wall when the lever is in the unlocked position—causing the distance between the first and second walls to be greater when the lever is in unlocked position. |
|---|---|

33. On information and belief, Defendants have and continue to indirectly infringe by inducement of at least claims 1-3 and 9-14 of the '953 Patent under 35 U.S.C. § 271(b). Defendants have and continue to promote, advertise, and instruct customers and potential customers about Leofoto branded products and how to use Leofoto branded products, including infringing uses. Defendants' promotion, advertising, and instruction efforts include, at a minimum, maintenance of their websites and the production and distribution of instruction manuals, and other indicia included within or printed on the packaging of Leofoto branded products. *See id*. On information and belief, Defendants engaged in these acts with the actual intent to cause the acts which they knew or should have known would induce and/or contribute to actual infringement.

34. On information and belief, Defendants have and continue to indirectly infringe by contributing to the direct infringement of at least claims 1-3 and 9-14 of the '953 Patent under 35 U.S.C. § 271(c) by providing, selling, offering to sell, and/or importing into the United States the Accused Products, as evidenced by Defendants' website and promotional materials, is especially made for use in a manner that infringes claims 1-3 and 9-14 of the '953 Patent as described herein and has no substantial non-infringing uses.

35. Defendants have had actual notice of the existence of the '953 Patent and their infringement of the '953 Patent since at least December 12, 2025, because on that date, Plaintiff FatBoy Tripods' attorney, George T. Lyons, III, sent a letter to Defendants on behalf of Plaintiff FatBoy Tripods apprising Defendants of their infringement of the '953 Patent. And yet, even with

full knowledge of the '953 Patent and Plaintiff's patent rights, Defendants have continued to commit acts of infringement and have failed to cease their infringing activities. Because Defendants have been aware of the '953 Patent but acted despite an objectively high likelihood that their actions constituted infringement of a valid patent, Defendants' infringement has been, and continues to be, willful.

36. As a result of Defendants' infringement of at least claims 1-3 and 9-14 of the '953 Patent Plaintiff FatBoy Tripods has suffered monetary damages in an amount yet to be determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

37. Defendants have irreparably harmed Plaintiff FatBoy Tripods. Unless and until Defendants are enjoined by this Court from further infringement, FatBoy Tripods will continue to suffer damages and irreparable injury for which it has no adequate remedy at law.

38. In addition to its actual damages, Plaintiff FatBoy Tripods is entitled to a permanent injunction restraining and enjoining Defendants and their respective agents, servants and employees, and all persons acting thereunder, in concert with, or on its behalf, from infringing at least claims 1-3 and 9-14 of the '953 Patent.by reason of the foregoing, Plaintiff FatBoy Tripods is also entitled to relief against Defendants pursuant to, at least 35 U.S.C. §§ 283-285.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff FatBoy Tripods respectfully requests that this Court enter:

A. A judgment in favor of Plaintiff FatBoy Tripods that Defendants have been and are directly and indirectly infringing at least claims 1-3 and 9-14 of the '953 Patent, pursuant to 35 U.S.C. §§ 271(a), 271(b) and/or 271(c);

B. A permanent injunction enjoining Defendants and their respective officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from infringing, inducing the infringement of, or contributing to the infringement of, at least claims 1-3 and 9-14 of the '953 Patent;

C. An accounting of all sales, revenues, and profits subject to Plaintiff FatBoy Tripods' cause of action;

D. A judgment awarding Plaintiff FatBoy Tripods all damages adequate to compensate it for Defendants' infringement of the Plaintiff FatBoy Tripods, and in no event less than a reasonable royalty for Defendants' acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law, as a result of Defendants' infringement of at least 1-3 and 9-14 of the '953 Patent;

E. An award of enhanced damages as a result of Defendants' willful infringement of at least claims 1-2 and 9-10 of the '953 Patent, after being apprised of the '953 Patent, as provided under 35 U.S.C. § 284;

F. An assessment of costs, including reasonable attorneys' fees and litigation costs pursuant to 35 U.S.C. § 285, and prejudgment interest against Defendants; and

G. Such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMANDED

Pursuant to FED. R. CIV. P. 38, Plaintiff FatBoy Tripods hereby demands a trial by jury on all issues so triable.

Dated: January 21, 2025

                    Respectfully submitted,

                    */s/ Andy Tindel*

Andy Tindel
(Texas Bar No. 20054500)
MT² Law Group
Mann | Tindel | Thompson
112 E. Line Street, Suite 304
Tyler, Texas 75702
Tel: (903) 596-0900
Fax: (903) 596-0909
atindel@andytindel.com

George T. Lyons, III
(Illinois Bar No. 6324271)
James L. Lovsin
(Illinois Bar No. 6303858)
Taylor Weilnau
(Illinois Bar No. 6350218)
Tristan Morgan
(Illinois Bar No. 6353529)
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, Illinois 60606
Tel.: (312) 913-0001
Fax: (312) 913-0002
lyons@mbhb.com
lovsin@mbhb.com
weilnau@mbhb.com
morgan@mbhb.com

**Attorneys for Plaintiff,**
FATBOY TRIPODS, LLC.